NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ROOSEBELT QUEZADA QUIROZ; IVAN ALBERTO QUEZADA VELEZ; MARIA BLANCA VELEZ SANCHEZ; MATTEO QUEZADA VELEZ,<br><br>              Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No. 21-430<br><br>Agency Nos.<br>A206-911-225<br>A206-911-694<br>A206-911-693<br>A206-911-695<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 28, 2023**
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Petitioner Roosebelt Quezada Quiroz, his wife, and two of their sons seek

review of a Board of Immigration Appeals's (BIA) decision dismissing their

appeal of the Immigration Judge's (IJ) decision denying their applications for

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. We assume familiarity with the underlying facts and arguments in this appeal.

"Whether a group constitutes a 'particular social group' … is a question of law we review de novo." *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). But whether an applicant has shown that his persecutor was or would be motivated by a protected ground—i.e., whether the "nexus" requirement has been satisfied—is reviewed under the substantial evidence standard. *See Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009). Under this deferential standard, factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, to reverse the BIA's finding under substantial evidence review, "we must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

*First*, the agency did not err in determining there was no past persecution. This court's cases support the BIA's holding that a one-time "detention, beating, and vague threat 6 months later from a caller who did not know where the respondent was located are insufficient to rise to the level of persecution." *See*

---

[1] "Petitioner" refers to Roosebelt Quezada-Quiroz, the lead petitioner in this consolidated proceeding who alone testified before the agency.

*Sharma v. Garland*, 9 F.4th 1052, 1063–64 (9th Cir. 2021); *Gu v. Gonzalez*, 454 F.3d 1014, 1019–21 (9th Cir. 2006).

*Second*, Petitioner has not established any protected ground that would give rise to a well-founded fear of persecution. The BIA concluded that in his appeal before the agency Petitioner waived any challenge to the IJ's determination that his proposed social group—"family members of Roosebelt Quezada Quiroz"—is not cognizable. 8 U.S.C. § 1252(d). *See Umana-Escobar v. Garland*, No. 19-70964, 2023 WL 3606117, at *5 (9th Cir. May 23, 2023). Petitioner also failed to meaningfully challenge the BIA's waiver conclusion in his opening brief, and therefore has forfeited the issue before us. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

And Petitioner's refusal to join a gang with alleged government ties and his opposition to their activities does not give rise to an imputed protected political opinion. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013); *Chen v. INS*, 95 F.3d 801, 806 (9th Cir. 1996). Absent any evidence of Petitioner's real or imputed political opinions, "the BIA could reasonably determine that" the abuse he suffered at the hands of the gang was "solely in retribution for refusing to join their group-and not because of his religious or political beliefs." *Tecun-Florian v. INS*, 207 F.3d 1107, 1109 (9th Cir. 2000). Because Petitioner does not have a well-founded fear of future harm based upon membership in a cognizable particular social group or an imputed

3

political opinion, substantial evidence supports the BIA's conclusion that Petitioner failed to establish any nexus to a protected ground and therefore to demonstrate eligibility for asylum or withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

*Finally*, as to CAT relief, substantial evidence supports the agency's determination that Petitioner has not shown past torture. *See Rivera Vega v. Garland*, 39 F.4th 1146, 1158 (9th Cir. 2022) ("The lack of past persecution, a lesser harm than torture, necessarily encompasses a lack of past torture."). Substantial evidence supports the IJ's finding, affirmed by the BIA, that it was not more likely that not that Petitioner would be tortured upon return to Mexico. *See Arbid v. Holder*, 700 F.3d 379, 386 (9th Cir. 2012) (per curiam). The agency reasonably concluded that Petitioner can safely relocate: he safely relocated to Tijuana for six months before entering the U.S. 8 C.F.R. § 1208.16(c)(3)(i)–(ii).

**PETITION DENIED.**